UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZEEWE DAKAR MPALA, | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | **3:11-cv-1724 (VLB)** |
| | : | |
| CITY OF NEW HAVEN, ET AL., | : | |
| Defendants. | : | **March 24, 2014** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 51]

I.      **Introduction**

Before the Court is the Plaintiff's motion seeking reconsideration of the dismissal of his case for failure to state a claim upon which relief can be granted. [Dkt. No. 42].  The *pro se* Plaintiff initially brought this action on January 30, 2012 against the City of New Haven and librarian Maria Tonelli pursuant to 42 U.S.C. § 1983 for violations of the First Amendment and for procedural due process and equal protection violations under the Fourteenth Amendment, challenging the legality of his temporary removal from the public library.[1]  The Defendants moved to dismiss Mpala's complaint. [Dkt. No. 11].  On April 5, 2012, Mpala filed an amended complaint which the Court construed to be in response to the Defendants' motion to dismiss.  [Dkt. No. 14].  The Court therefore denied the Defendants' motion to dismiss.  [Dkt. No. 16].  On May 8, 2012, the Defendants filed a motion to dismiss Mpala's amended complaint.  [Dkt. No. 20].  Mpala then

---

[1] The original complaint included as Defendants New Haven Police Officers Illingsworth and Robinson, but the Plaintiff later withdrew his claims against those officers.

1

filed a Second Amended Complaint without seeking leave from the Court to do so on June 21, 2012.  [Dkt. No. 26].  On July 9, 2012, the Defendant Tonelli moved to dismiss the first claim of the Second Amended Complaint.  [Dkt. No. 29].  On August 9, 2012, the Plaintiff filed a Third Amended Complaint without seeking leave from the Court or the consent of the Defendants.  [Dkt. No. 32].  On August 22, 2012, the Court struck Mpala's purported Third Amended Complaint as a nullity.  [Dkt. No. 33].  In deference to his *pro se* status, Mpala was been given and took advantage of multiple opportunities to amend his complaint.  In response, the Defendants have filed multiple motions to dismiss, culminating in the Court's February 22, 2013 dismissal of Plaintiff's First and Second Amended Complaints. [Dkt. No. 43].

Notably, the Court's opinion dismissing Mpala's complaints informed him that a complaint must do more than state a conclusion; instead, it must state facts supporting the claims asserted.  It further informed him that conclusions without facts are not entitled to the assumption of truth.  Only where the well-pleaded facts plausibly give rise to an entitlement to relief will the complaint be sufficient to survive a motion to dismiss.

In his present motion, the Plaintiff reiterates the allegations contained in his prior complaints, asserting in a conclusory manner that his First Amendment rights were violated and that his rights to equal protection and procedural due process were violated by his temporary removal from the library.  The Plaintiff makes no allegation of any change in law or the availability of new evidence.  The Plaintiff does add, however, the following allegations to his original complaints:

2

> Tonelli, between 2003-2008, had called 911 to the
> various Public Libraries (NewHaven [sic]) to expel
> patrons who were all Black Males.  During the times
> cited supra none of the patrons were White or Latino
> males or Womem [sic]! . . . The Black Males were
> similarly situated to the others, but treated differently.
> Further more [sic] after she was confronted and
> accused of [sic] fabricated this incident on 11/18/2008
> until now mysteriously the 911 callsstop [sic]!

[Dkt. No. 51, p. 2].  Aside from repeating his prior constitutional claims, the

Plaintiff asserts that the Court overlooked his "actual innocence exception

claim," which he argues should supersede deficiencies in his complaints when

combined with his corroborating evidence, namely the alleged video of the

surveillance footage.  In short, the Plaintiff "disagrees with the Court's reasons

for dismissing his Complaints" and has filed this motion to reconsider.  [Dkt. No.

51, p. 2].

## II.   Legal Standard

The standard for granting a motion for reconsideration "is strict, and

reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court."

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for

reconsideration is justified only where the defendant identifies an intervening

change in controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice."  *Ayazi v. United Fed'n of Teachers*

*Local 2,* 487 F. App'x 680, 681 (2d Cir. 2012) (internal citation and quotation marks

omitted); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F. 2d 1245, 1255 (2d

Cir. 1992) (same); *Ensign Yachts, Inc. v. Arrigoni,* No. 3:09cv209(VLB), 2010 WL 2976927, at *1 (D. Conn. July 23, 2010) (same).  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.  Similarly, a "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision is made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (citations and internal quotation marks omitted).

### III.    Discussion

It is clear from the Plaintiff's motion that he is not arguing any change in the law that would require the Court to reconsider its prior ruling because he has neither argued nor cited any such change.  Similarly, he has not offered any new evidence that would reasonably be expected to alter the previous decision of the Court.  He claims that the Court overlooked his surveillance video, but that evidence was available at the time the Motion to Dismiss was granted; it is not considered, therefore, new evidence or data for purposes of a motion to reconsider.  *See G-I Holdings, Inc. v. Baron & Budd*, No. 01-civ-0216(RWS), 2004 WL 1277870, at *3 (S.D.N.Y. June 10, 2004) ("It is particularly inappropriate in this case because the information Holdings seeks to submit was available before the motion for leave to amend was filed, and does not constitute new evidence which would merit reconsideration of the earlier opinion.").  However, in his motion to reconsider, the Plaintiff does add allegations related to his equal protection claim, alleging that Tonelli "called 911 to [sic] various Public Libraries . . . to expel patrons who were all Black Males" between 2003 and 2008 and never against any

4

"White or Latino" individuals.  It appears that these added allegations are in direct response to the Court's Order dismissing the Plaintiff's equal protection claim.  In that Order, the Court stated that "Mpala has failed to plausibl[y] state, by alleging particularized facts, that similarly situated others were treated differently by the New Haven Police Department or the New Haven Public Library as required to establish a selective enforcement claim."  However, even assuming these new factual allegations formed a basis for reconsideration, the Plaintiff's conclusory and general allegations are insufficient as a matter of law to sustain a motion to dismiss.  The Plaintiff does not cite one concrete event that would support his claim of selective enforcement; instead, he alleges in the most general of terms that all patrons expelled by Tonelli between 2003 and 2008 were black males, without even explaining the basis for his knowledge.  Furthermore, he makes no attempt to provide any specific details supporting his allegations nor does he explain how he was similarly situated to those treated differently.  He does not identify the white males whom he claims were not expelled, nor does he describe their conduct.  Finally, he does not describe his own conduct and compare his conduct to that of the white library patrons who were not expelled. Thus, he has not pleaded the particularized facts required to satisfy the plausibility standard.  Accordingly, these claims would still be dismissed.

Finally, the Plaintiff's assertion that the Court committed an error by ignoring his "Actual Innocence Exception Claim," which he argues requires the Court to review his copy of the surveillance footage to be able to consider the full record of the case, is misplaced.  While claims of actual innocence may have

5

cognizable relevance for habeas corpus petitions related to criminal convictions and for other constitutional claims, the exception is inapplicable to the Plaintiff's claims in this matter.  *See, e.g. Schlup v. Delo*, 513 U.S. 298, 313-17 (1995); *Herrera v. Collins*, 506 U.S. 390, 400-02 (1993); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Furthermore, the contents of the film would not have any bearing on whether the Plaintiff's pleadings in this matter were sufficient to sustain a motion to dismiss because the Court's review on a motion to dismiss is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  Even if the Court were to review the video, the footage would have no effect on the Court's Order.  The Plaintiff does not deny that he called Defendant Tonelli a derogatory term, and the film will not clarify any procedural due process claims since the film will not show the process that was allegedly denied or assist in the equal protection analysis because it will not definitively show other instances of similarly situated people being treated differently.  Therefore, even if the Court were to view the film, which would undoubtedly show that the Plaintiff was removed from the library, it would not affect the Court's Order dismissing his first amendment claims and procedural due process and equal protection claims as being insufficiently pled.  Therefore, the Plaintiff has not sufficiently raised one of the three categories that merit reconsideration under the law.

**IV.**   <u>**Conclusion**</u>

Accordingly, since the Plaintiff has not met the strict standard for a motion to reconsider by showing an intervening change in controlling law, providing new evidence or showing the general availability of new evidence pertinent to his claims, or alleging the need to correct a clear error or prevent manifest injustice, the Plaintiff's [51] Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: March 24, 2014**